UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| UNITED STATES OF AMERICA   ) | |
| ) | |
| v.   ) | |
| ) | No. 1:13-CR-00112-LM-1 |
| ALEXANDER GUZMAN,   ) | |
| ) | |
| Defendant.   ) | |

## GOVERNMENT'S OBJECTION TO DEFENDANT'S MOTION TO DETERMINE COMPETENCY

The United States of America opposes the defendant's motion for a competency evaluation.  Because this matter is in the District of New Hampshire solely for the purposes of a plea and the defendant has not entered a guilty plea, the matter should be returned to the Southern District of Texas.   The defendant's competency motion raises questions that extend beyond the limited purposes of a Rule 20 transfer.   It would be more appropriate for these issues to be addressed in the Southern District of Texas.

### BACKGROUND

Defendant Guzman was charged by indictment in the Southern District of Texas with:   (1) conspiracy to distribute over five kilograms of cocaine, in violation of 21 U.S.C. § 846 and (2) possession of five kilograms or more of cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1).   The Defendant was arrested in New Hampshire on September 5, 2013.   He has been in custody since that date.

On October 1, 2013, the defendant advised the Court that he intended to enter a guilty plea in New Hampshire pursuant to Fed. R. Crim. P. 20.   As a result, this matter was transferred to the District of New Hampshire on October 15, 2013, for the purpose of a guilty plea and sentencing.

This matter was scheduled for a status hearing on November 21, 2013. At the hearing, the Court scheduled a change of plea hearing for November 26, 2013. The Court advised the defendant that if he did not plead guilty, the matter would be transferred back to the Southern District of Texas.

On November 26, 2013, the defendant did not plead guilty. Defense counsel requested a continuance of the plea hearing so that he could determine whether it would be appropriate to file a competency motion. The Court granted the continuance. On March 19, 2014, the defendant filed a motion seeking a competency evaluation. The defendant's counsel represents that Dr. Eric Mart has stated that the defendant is currently not competent to stand trial, but that his competency may be restored with an appropriate medication regimen.

## DISCUSSION

This matter was transferred to the District of New Hampshire under Fed. R. Crim. P. 20 for the purposes of a guilty plea. The defendant has not pleaded guilty and the defendant has now requested a competency evaluation and stated that the defendant is not competent to stand trial. This suggests that the defendant also would lack the competence to enter plea of guilty. If the defendant lacks the competence to enter a guilty plea, it would be appropriate to return this case to the Southern District of Texas for further proceedings.

While this issue does not arise frequently, it was discussed at length in *United States v. Torres*, 399 F.Supp.2d 549 (S.D.N.Y. 2005). In *Torres*, the defendant's case was transferred from the Southern District of Florida to the Southern District of New York for purposes of a guilty plea and sentencing pursuant to Fed. R. Crim. P. 20. After the transfer, defense counsel sought a court-ordered competency evaluation. *Id.* at 551. The *Torres* court stated that Rule 20 transfers

are "narrowly limited, and that the district court may not consider the merits of the case." *Id*. at 553. The Court then sought to determine whether a request for a mental examination "goes to the merits of her case." *Id.*

The court first noted that because of the court's obligations to ensure that a guilty plea is knowing and voluntary, addressing competency arguably is part of a court's obligations under Fed. R. Crim. P. 11. *Id.* The court also noted that there are reported cases, including a Supreme Court case (*Greenwood v. United States*, 350 U.S. 366 (1956)), where competency evaluations were performed prior to the acceptance of guilty pleas under Rule 20. *Id.* If an evaluation determined that the defendant could not enter a voluntary guilty plea, the *Torres* court stated that the matter should be returned to the originating district. *Id.* at 554.

However, the court expressed concerns that competency questions could not necessarily be limited to the guilty plea proceeding. These questions also could implicate the merits of the case, especially if defense counsel might seek to use the results of the examination to establish a defense. *Id.* at 554. The court further expressed concern that competency issues could raise questions about the defendant's ability to consent to the Rule 20 transfer. *Id.* at 555. On the facts of the case, the *Torres* court found that ordering a mental examination "could improperly initiate an examination of the merits" of the defendant's prosecution and transferred the matter back to the Southern District of Florida. *Id.* at 557.

In this case, the defendant's counsel has not only expressed concerns about the defendant's competency but has represented that Dr. Mart has determined that the defendant is not competent to stand trial. Thus, the defendant's motion here does not simply seek to rule out questions of competency. Rather, the defendant affirmatively has represented that the defendant

3

is not competent. This raises questions that are broader than the narrow question of the defendant's ability to enter a valid guilty plea. Depending on the results of the competency evaluation, the defendant's purported incompetency can potentially implicate the merits of this matter, such as the defendant's mental state at the time of the offense and the defendant's competency to consent to the Rule 20 transfer. As the *Torres* court stated, if the results of a competency exam raise questions about the defendant's legal responsibility for the crime, the matter should be handled by the originating district. *Id.* Similarly, questions related to the defendant's understanding of the Rule 20 transfer agreement are more appropriately addressed in the originating court. *Id.* at 555.

Over five months have passed since this matter was transferred to the District of New Hampshire for the purposes of a guilty plea. While the defendant has not entered a not guilty plea, which would automatically cause this matter to be transferred back to the originating district, the defendant's competency motion appears to open up a series of issues that have the potential to substantially delay this matter. At the conclusion of any competency proceedings in New Hampshire, it is possible that this matter would be transferred to the Southern District of Texas as a result of a not guilty plea or if the defendant is unable to knowingly and voluntarily plead guilty. Moreover, if the parties disagree about the conclusions of the competency exam, there is the likelihood of additional briefings and argument that are far more extensive than the proceedings ordinarily associated with a Rule 20 transfer. *Torres*, 399 F.Supp.2d at 554. Given the uncertainty created by this situation, it is in the interests of judicial economy for the Court to return this matter to the Southern District of Texas. That court can then address and resolve any competency issues. If the defendant is found to be competent and wishes to proceed with his case

in New Hampshire, he certainly can consider filing a motion to transfer the case pursuant to Fed. R. Crim. P. 21(b).

## CONCLUSION

For all of the foregoing reasons, the Court should deny the defendant's request for a competency evaluation and return this matter to the Southern District of Texas forthwith.

        Respectfully submitted,

        JOHN P. KACAVAS
        United States Attorney


By:    /s/ John J. Farley
        John J. Farley
        Assistant U.S. Attorney
        NH Bar # 16934
        U.S. Attorney's Office
        53 Pleasant Street
        Concord, NH 03301
        (603) 225-1552
        john.farley@usdoj.gov

Dated: March 21, 2014


## CERTIFICATE OF SERVICE

I certify a copy of the foregoing document was served via ECF upon counsel for the defendant.


March 21, 2014        By:    /s/ John J. Farley
                                              John J. Farley
                                              Assistant U.S. Attorney