## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW HAMPSHIRE

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **No. 1:13-CR-112-01-LM** |
| **ALEXANDER GUZMAN,** | ) | |
| | ) | |
| **Defendant.** | ) | |

### GOVERNMENT'S ASSENTED-TO MOTION TO PERMIT VIDEO CONFERENCE TESTIMONY AT COMPETENCY HEARING

The United States of America requests that the Court permit Kristina P. Lloyd, Psy. D. to testify via video conferencing at the defendant's competency hearing, which has been scheduled for April 21, 2015.   Counsel for the defendant assents to this request.

Defendant Guzman was charged by indictment in the Southern District of Texas with: (1) conspiracy to distribute over five kilograms of cocaine, in violation of 21 U.S.C. § 846 and (2) possession of five kilograms or more of cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1).   The Defendant was arrested in New Hampshire on September 5, 2013.   He has been in custody since that date.

On October 1, 2013, the defendant advised the Court that he intended to enter a guilty plea in New Hampshire pursuant to Fed. R. Crim. P. 20.   As a result, this matter was transferred to the District of New Hampshire on October 15, 2013, for the purpose of a guilty plea and sentencing However, issues related to the defendant's competency have arisen.

On September 10, 2014, the Court issued an order pursuant to 18 U.S.C. § 4241(d) committing the defendant to the custody of the Attorney General for a reasonable period of time, not to exceed four months, to determine whether there is a substantial probability that in the foreseeable future he will obtain the capacity to permit the trial to proceed.

The defendant was transported to a federal facility in North Carolina for an evaluation. The Warden of the Federal Medical Center in Butner, North Carolina has prepared a certificate indicating that the defendant is competent to proceed.   A forensic psychologist, Kristina P. Lloyd, Psy. D. has authored the report regarding the defendant's competency.   Due to budget constraints, the Warden has requested permission to have Lloyd testify via video conferencing.   Undersigned counsel has discussed this issue with counsel for defendant Guzman, who assents to the use of video conference testimony.

Other courts have permitted mental health professionals to testify via video conferencing at competency hearings.   *See, e.g., United States v. Rivera-Diaz*, 2008 WL 5082162 (D. Ariz. Nov. 26, 2008) (permitting psychiatrist to testify via video conferencing over the objection of the defendant).   Although video testimony can potentially implicate a defendant's statutory or due process rights, the *Rivera-Diaz* court found that a defendant's rights can be protected adequately during such testimony.   *Id.*   Where, as here, the defendant assents to the use of video conference testimony, the Court has the discretion to permit the forensic psychologist to testify by video and eliminate the need for her to travel to New Hampshire in order to testify in this proceeding.

For these reasons, the United States requests that the Court permit Dr. Lloyd to provide video conference testimony at the competency hearing.   Because the authority supporting this assented-to request is set forth in this motion, no separate memorandum of law is deemed necessary under Local Rule 7.1(a)(2).

Respectfully submitted,

JOHN P. KACAVAS
United States Attorney

By:   /s/ John J. Farley
John J. Farley
Assistant U.S. Attorney
NH Bar # 16934
U.S. Attorney's Office
53 Pleasant Street
Concord, NH 03301
(603) 225-1552
john.farley@usdoj.gov

Dated:   March 25, 2015

## CERTIFICATE OF SERVICE

I certify a copy of the foregoing document was served via ECF upon counsel for the defendant.

March 25, 2015                          By:   /s/ John J. Farley
John J. Farley
Assistant U.S. Attorney