**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW HAMPSHIRE**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **No. 1:13-CR-112-01-LM** |
| **ALEXANDER GUZMAN,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## STIPULATION REGARDING APPLICABILITY OF THE SPEEDY TRIAL ACT

Pursuant to the Court's oral order on April 21, 2015, the parties submit this joint stipulation regarding the applicability of the Speedy Trial Act to this matter.   The parties agree that all of the time that has elapsed since the defendant's arrest constitutes excludable delay under the Speedy Trial Act.

Defendant Guzman was charged by indictment in the Southern District of Texas with: (1) conspiracy to distribute over five kilograms of cocaine, in violation of 21 U.S.C. § 846 and (2) possession of five kilograms or more of cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1).   The Defendant was arrested in New Hampshire on September 5, 2013 and had his initial appearance on that date.

Under the Speedy Trial Act, the defendant's trial should commence within 70 days "from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."   18 U.S.C. § 3161(a)(c)(1).   Because the defendant has not appeared in the Southern District of Texas, the speedy trial clock did not begin to run as a result of the defendant's initial appearance in New Hampshire.   *See United States v. Munoz-Amado*, 182 F.3d 57, 60 (1st

Cir.1999) (speedy trial clock did not begin to run for defendant who was arrested in Florida until defendant first appeared in District of Puerto Rico).

Even if the Speedy Trial Act applied to the initial proceedings in New Hampshire, the Court granted motions to continue the identity hearing from September 5, 2013, to September 9, 2013.   The Court later granted another motion to continue the identity hearing to October 1, 2013. Thus, to the extent that the Speedy Trial Act arguably applied to these proceedings, the entire time period from September 5, 2013, through October 1, 2013, constituted excludable delay pursuant to 18 U.S.C. § 3161(h)(1)(D).

On October 1, 2013, the defendant advised the Court that he intended to enter a guilty plea in New Hampshire pursuant to Fed. R. Crim. P. 20.   As a result, this matter was transferred to the District of New Hampshire on or about October 15, 2013, for the purpose of a guilty plea and sentencing.   To the extent that the Speedy Trial Act arguably applies to the proceedings in New Hampshire, the parties agree that the period from October 1, 2013, to the defendant's plea of guilty constitutes excludable time because it constitutes "delay resulting from any proceeding related to the transfer of a case or the removal of any defendant from another district under the Federal Rules of Criminal Procedure."   18 U.S.C. § 3161((h)(1)(E).

On November 18, 2013, the government filed an assented-to motion for a status conference, which was granted on November 19, 2013.   The status conference was held on November 21, 2013.   The period from November 18, 2013, through November 21, 2013, is separately excludable under 18 U.S.C. § 3161(h)(1)(D).   The Court subsequently scheduled a change of plea hearing for November 25, 2013.

On November 25, 2013, the defendant did not enter a plea of guilty and the defendant's counsel raised issues regarding the defendant's competency.   The Court continued the matter and found that a continuance of the matter was in the interests of justice, pursuant to 18 U.S.C. § 3161(h)(7)(A).   The Court specifically noted that the Speedy Trial Clock was not running.

On March 19, 2014, the defendant filed a motion to determine competency.   Competency proceedings with respect to the defendant have continued through April 21, 2015.   Thus, to the extent that the Speedy Trial Act applies to these proceedings, the entire period of time from November 25, 2013, through April 21, 2015, is separately excludable pursuant to 18 U.S.C. §§  3161(h)(1)(A), 3161(h)(1)F), and 3161(h)(4).

At the conclusion of the competency hearing on April 21, 2015, the Court granted the parties' request for a continuance so defendant counsel could discuss with his client whether he still wanted to enter a guilty plea or whether he would prefer to have a trial in Texas.   The parties agree that the ends of justice served by this delay outweigh the interest of the defendant the public in a speedy trial and agree that constitutes excludable delay pursuant to 18 U.S.C. § 3161(H)(7)(A).   Failure to grant the continuance would deprive the defendant of reasonable time necessary to prepare effectively for this matter, taking into account the exercise of due diligence.   *See* 18 U.S.C. § 3161(h)(7)(B).

For all of the foregoing reasons, the parties agree all of the time from the defendant's initial appearance to the next status conference scheduled in this matter constitutes excludable delay under the Speedy Trial Act.

Dated:   April 22, 2015                                    Respectfully submitted,

                                                           DONALD FEITH
                                                           Acting United States Attorney


                                          By:      /s/ John J. Farley
                                                   John J. Farley
                                                   Assistant U.S. Attorney
                                                   NH Bar # 16934
                                                   U.S. Attorney's Office
                                                   53 Pleasant Street
                                                   Concord, NH 03301
                                                   (603) 225-1552
                                                   john.farley@usdoj.gov


                                          By:      /s/ Paul J. Garrity
                                                   Paul J. Garrity
                                                   Counsel for Alexander Guzman


## CERTIFICATE OF SERVICE

I certify a copy of the foregoing document was served via ECF upon counsel for the defendant.

Dated: April 22, 2015                            By:      /s/ John J. Farley
                                                          John J. Farley
                                                          Assistant U.S. Attorney